UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21-cr-00175-LEW-01 |
| | ) | |
| LUCAS SIROIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON MOTION TO MODIFY CONDITIONS OF RELEASE

On October 28, 2021, the Court ordered Defendant Lucas Sirois to follow certain release conditions pending conclusion of this matter. (Order Setting Conditions of Release, ECF No. 79.) The order requires that Defendant not use marijuana and "not violate federal, state, or local law." Defendant asks the Court to modify the order to permit him to use marijuana for medicinal purposes in accordance with Maine law. (Motion to Modify, ECF No. 248.) Alternatively, Defendant requests that the Court direct that he not be sanctioned for the use of marijuana in accordance with Maine law.

Defendant maintains the use of marijuana is necessary to treat multiple medical conditions. The Government opposes Defendant's request. After consideration of the parties' arguments, I deny Defendant's motion.

#### DISCUSSION

Defendant's argument that the Court should permit him to use marijuana in accordance with Maine law is unpersuasive. Federal law requires that when setting the conditions for pretrial release, a court "shall" impose "the condition that the person not commit a Federal, State, or local crime during the period of release." 18 U.S.C. § 3142(b).

When used in a statute, the word "'shall' . . . normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998). While the use of marijuana for medical purposes is neither a state nor local crime in Maine, *see generally* 28-B M.R.S. §§ 101 *et seq.*, it remains a crime under federal law, *see* 21 U.S.C. §§ 812 (including "Tetrahydrocannabinols" on list of controlled substances), 844 (banning use of controlled substances).  The Maine law that permits the use of medical marijuana does not override the federal requirements for conditions of pretrial release—where federal law and state law provide contradictory directives, federal law controls.  *See* U.S. Const. art. VI, cl. 2.  Under federal law, the Court has "no discretion" to authorize a person to use marijuana while subject to release conditions. *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018).[1]

Defendant also asks the Court to direct that he cannot or will not be sanctioned for a violation for the use of marijuana in accordance with Maine law.  In support of his request, Defendant in part argues that the DOJ cannot prosecute him for such a violation, citing the Rohrabacher-Farr Amendment, a Congressional appropriations rider that prohibits the Department of Justice ("DOJ") from using any of its funding "to prevent [states] from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated Appropriations Act of 2022, Pub. L. No. 117-103, § 531, 136 Stat. 49 (2022) (the Appropriations Rider or Rider).

---

[1] "While a few courts have substantially allowed a defendant to use marijuana while on pretrial release, those decisions are justly criticized outliers." *United States v. Blanding*, No. 3:21-cr-00156-KAD, 2022 WL 92593, at *4 (D. Conn. Jan. 6, 2022).

First, Defendant's request that the Court determine at this stage of the proceedings that the Appropriations Rider precludes the DOJ from prosecuting a violation based on Defendant's use of marijuana is premature as the DOJ has not attempted to prosecute a violation and thus the circumstances of any alleged violation are unknown. *See, e.g.*, *United States v. Perla*, No. 20-cr-00281, 2021 WL 461881, at *4 (W.D. Pa. Feb. 9, 2021).

In addition, regardless of the effect of the Appropriations Rider on the DOJ's ability to prosecute a violation, the Rider has no bearing on the authority of a court to commence a proceeding against a defendant who violates a condition of pretrial release. 18 U.S.C. § 3148, which governs sanctions for the violation of release conditions, has been deemed to authorize courts to "initiate a proceeding, independently from the Government attorney, for the revocation of release and an order of detention when U.S. Pretrial Services informs the Court, by petition, of an alleged violation." *United States v. Roland*, No. 1:05MJ111, 2005 WL 2318866, at *2 (E.D. Va. Aug. 31, 2005); *see also United States v. Pargellis*, No. 3-19-cr-00272-3; 2020 WL 5581361, at *1-2 (M.D. Tenn. Sept. 17, 2022). Furthermore, the statute authorizes "a judicial officer [to] commence a prosecution for contempt … if the [defendant] has violated a condition of release." 18 U.S.C. § 3148(c).[2]  Even if the Appropriations Rider prevented the DOJ from prosecuting a violation of pretrial release

---

[2] One court has observed that a court "could arguably modify a release order to require a defendant to (a) remain in the custody of the Bureau of Prisons (b) abide by a restriction on his place of abode, (c) remain in a specified institution for chemical dependency treatment, or (d) return to custody for specified hours following release for drug counseling." *Roland*, 2005 WL 2318866, at *8 n.4 (citing 18 U.S.C. § 3142(c)(1)(B)(i), (iv), (x), and (xii)); see also, 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release"). If the Government did not initiate a proceeding based on a violation, the Court would presumably learn of any alleged violation as pretrial services officers are required to "[i]nform the court and the United States attorney of all apparent violations of pretrial release conditions…". 18 U.S.C. § 3154(5).

conditions based on the use of marijuana, therefore, the Rider would not shield Defendant from sanction for the use of marijuana.

Finally, Defendant's request that he be exempt from drug testing due to the purported chemical similarities between delta-9 tetrahydrocannabinol, which is illegal under federal law, and federally legal hemp derivatives such as delta-8 tetrahydrocannabinol ("Δ8-THC") or cannabidiol ("CBD"), essentially asks the Court to prejudge evidence that might be presented at a revocation hearing. Whether the result of a particular drug test is reliable is the type of factual question that courts resolve when a violation is alleged. *See, e.g.*, *United States v. Alfonso*, 284 F. Supp. 2d 193, 202 (D. Mass. 2003) (considering defendant's objection to drug test's reliability). The Court would evaluate the evidence and consider Defendant's argument at a revocation hearing, not at this stage of the proceedings.

## CONCLUSION

Based on the foregoing analysis, I deny Defendant's motion to modify the conditions of his pretrial release.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of May, 2022.