UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 1:21-CR-00175-LEW |
| LUCAS SIROIS, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR A CONFERENCE OF COUNSEL REGARDING ADVICE OF COUNSEL DEFENSE AND ASSOCIATED DISCOVERY ISSUES**

This matter is before the Court on the United States Government's Motion for a Conference of Counsel Regarding Advice of Counsel Defense and Associated Discovery Issues (ECF No. 313). For the reasons set out below, I deny the Government's Motion without prejudice.

**BACKGROUND**

On November 9, 2021, the grand jury indited fourteen defendants on drug trafficking and related charges (ECF No. 149). Defendant Lucas Sirois filed a Motion to Enjoin Prosecution Pursuant to the Rohrabacher-Farr Amendment (ECF No. 285). Defendant Sirois submits that his conspiracy prosecution is in violation of the spending provisions of the Consolidated Appropriations Act and therefore should be enjoined. Defendants Alisa Sirois, Derrick Doucette, David Burgess, and Ryan Nezol have joined Sirois's Motion. The Court anticipates conducting an evidentiary hearing on the Motion in advance of trial, following the procedure suggested by the First Circuit in *United States v. Bilodeau*, 24 F.4th 705 (1st Cir. 2022).

Subsequently, the Government filed a Motion for Conference of Counsel Regarding Advice of Counsel Defense and Associated Discovery Issues (ECF No. 313). The Motion was filed, at least in part, in anticipation of the evidentiary hearing. The Government seeks a conference of counsel to establish if one or more of the defendants intend to raise an advice-of-counsel defense at the hearing or at trial. Further, the Government requests that if any of the Defendants does intend to raise this defense that the Government would be entitled to discover, in advance of the hearing, information ordinarily covered by attorney-client privilege. Defendant Sirois filed an Opposition to the Government's Motion (ECF No. 320). Defendant Sirois submits that the Government's Motion is premature because they have not responded to his Motion to Enjoin Prosecution. Sirois goes on to argue that it is not yet timely for the Government to require Sirois to reveal his defense strategy and obtain any privilege waiver that would provide access to attorney-client communications. In their Reply (ECF No. 321), the Government argues that if Defendant Sirois or "other movants plan to argue that they believe that they complied with relevant law based on legal advice that they obtained during the conspiracy period, they should be required to turn over any material that they intend to rely upon so that the government can investigate their claims and address them in its substantive motion response." *Id.* at 4.

## DISCUSSION

The Federal Rules of Criminal Procedure do not specifically require that a defendant provide pretrial notice of an advice-of-counsel defense.[1]  Rules 12.1 through 12.3 do, however, provide for pretrial notice in alibi, insanity, and public authority defenses. According to the Advisory Committee Notes, "[t]he objective is to give the government time to prepare to meet the issue . . . . Failure to give advance notice commonly results in the necessity for a continuance in the middle of trial, thus unnecessarily delaying the administration of justice." Fed. R. Crim. P. 12.2 advisory committee notes.  The three enumerated defenses as to which notice must be given, like the advice-of-counsel defense, are ordinarily fact-intensive defenses likely to create problems of fairness and efficiency if raised for the first time during the trial. *United States v. Dallmann*, 433 F. Supp. 3d 804, 811 (E.D. Va. 2020).  The complexity of the advice-of-counsel defense and the potential for discovery of otherwise privileged communications militate in favor of pretrial notice and attendant discovery to avoid unnecessary delays during trial. *Id*.

It is not apparent that the issues raised by the Government in its Motion for Conference of Counsel (ECF No. 313) will be relevant to the resolution of Defendants' Motion to Enjoin Prosecution (ECF No. 285).  The Court is reluctant to impose on

---

[1] If at a later time Defendant Sirois looks to make an advice-of counsel defense, the defendant has a burden of production to establish a prima facie defense. *United States v. Gorski*, 36 F. Supp. 3d 256, 267 (D. Mass. 2014).  The defendant must establish that: (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) made a full and accurate report to his attorney of all material facts which the defendant new, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report.  *Id*.  An advice-of-counsel defense is not available if defendant fails to disclose all material information to advisors or "dictates imprudent outcomes" to advisors. *United States v. Powers*, 702 F.3d 1, 9 (1st Cir. 2012).

Defendants at this stage in the proceedings what amounts to a premature and, as yet, an unjustified strain on the exercise of the attorney-client privilege. The requirement that a defendant provide notice of an advice-of-counsel defense should be imposed at a time and only to the extent reasonably necessary to ensure a fair and efficient trial. *United States v. Gorski*, 36 F. Supp. 3d 256, 268 (D. Mass. 2014). This is not that time.

While I view the Government's motion to be anticipatory, counsel are cautioned that unlike the great mysteries of the universe, these issues will not be an epistemological conundrum forever. While I reject the timing of the Government's request based on a cascading series of inferences which I refuse to draw, I do not foreclose the necessity of having to resolve this issue at some point before trial. Should the advice-of-counsel defense reveal itself in the evidentiary hearing on the Motion to Enjoin Prosecution, I may continue the hearing so that the Government may discover communications relevant to the defense and so that the record may be appropriately supplemented.

## CONCLUSION

The Government's Motion for a Conference of Counsel Regarding Advice of Counsel Defense and Associated Discovery Issues (ECF No. 313) is DENIED without prejudice.

**SO ORDERED.**

Dated this 26th day of October, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE