UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00175-LEW |
| | ) | |
| LUCAS SIROIS, et al., | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANTS' MOTION TO ENJOIN PROSECUTION

The Grand Jury charged Defendants Lucas Sirois, Alisa Sirois, Robert Sirois (and others) with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Marijuana), in violation to 21 U.S.C. § 841(a)(1), and related crimes. The matter is before the Court on the Sirois Defendants' Motions to Dismiss or Enjoin Prosecution (ECF Nos. 285/288/292).[1]

The Court conducted an evidentiary hearing on June 26, 27 and 28, 2023, and received closing arguments in writing. Based on the testimony and evidence entered on the record and careful consideration of the parties' prehearing briefs and final written arguments, the motions to enjoin are denied.

### LEGAL BACKGROUND

Although Maine has legalized the medical use of marijuana and authorizes participants in its medical marijuana marketplace to grow and distribute marijuana to other participants, trafficking in marijuana is still illegal under federal law. *United States v.*

---

[1] Other defendants who joined in the request for injunctive relief have since changed their pleas to guilty.

*Bilodeau*, 24 F.4th 705, 712 (1st Cir. 2022) (citing 21 U.S.C. §§ 801 *et seq.* and *Gonzales v. Raich*, 545 U.S. 1, 27 (2005)).  However, pursuant to federal law, specifically a congressional appropriations rider known as the "Rohrabacher-Farr Amendment" or the "Rohrabacher-Blumenauer Amendment" (hereafter "the rider"), Congress instructed the Department of Justice that "[n]one of the funds" appropriated to the Department by Congress may be used "to prevent [the states] from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated Appropriations Act, 2019, Pub. L. No. 116-6, § 537, 133 Stat. 13, 138 (2019).

As written, "[t]he rider expressly forbids the DOJ from spending congressionally appropriated funds in a manner that 'prevent[s]' a state such as Maine 'from implementing [its] own laws that authorize the use, distribution, possession, or cultivation of medical marijuana.'" *Bilodeau*, 24 F.4th at 712 (quoting Consolidated Appropriations Act, 2019 § 537).  Based on the rider, in this Circuit a person who participates in a state medical marijuana program who is charged federally with marijuana trafficking may bring a motion to enjoin prosecution, but success on such a motion requires a showing that the prosecution, if allowed to proceed, would "prevent[] a state from giving practical effect to its medical marijuana laws." *Id.* at 711, 713 & n.6, *cert. denied*, 213 L. Ed. 2d 1094.  This showing might be based on evidence demonstrating full compliance with state law and related regulations, evidence that any noncompliance with state law involved only technical violations, or perhaps even evidence of a nontechnical violation where the violation would not be grounds under state law to revoke the person's participation in the state program. *Id.* at 713-14.  Proceedings on a motion to enjoin prosecution logically precede trial and a

2

decision on such a motion is amendable to interlocutory review by the First Circuit. *Id.* at 712.

## FACTUAL BACKGROUND

The Sirois Defendants have been participants on the supply side of Maine's medical marijuana program, conducting operations primarily from a facility located on High Street in Farmington, known locally as the Shoe Shop. The Sirois Defendants also used a second facility located in Avon. The Sirois Defendants and others used these facilities primarily for growing, harvesting, and sorting marijuana. They also used the Shoe Shop location to transact business operations associated with the purchase and sale of marijuana.

In 2018, the Sirois operations, headed by Defendant Lucas Sirois, came under investigation for suspected illicit activity. Though there was, at that time, merely the scent of illicit marijuana sales in the air, in 2019 the Government obtained information that Ryan Nezol, an individual associated with Lucas Sirois, had unlawfully sold marijuana of unknown origin to out of state buyers. The investigators arranged for a controlled buy from Nezol. Immediately after the buy, they observed Nezol travel to a marijuana grow supply shop owned by Lucas Sirois. By means of a wiretap placed on Nezol's phone, investigators were able to determine that Nezol was working at the Shoe Shop, even though Nezol was not registered to participate in Maine's medical marijuana program. Based on these developments, investigators inferred that the marijuana Nezol trafficked in and was continuing to traffic in was sourced from the Shoe Shop. Although they lacked evidence to prove that the Shoe Shop was Nezol's source or that the Sirois Defendants knew of

Nezol's illicit activity, from an investigative standpoint smoke was now emerging from the Shoe Shop (and by association from other Sirois grow facilities).

In April of 2020, the investigation took on added dimension when the Maine Office of Marijuana Policy referred the Shoe Shop and related Sirois operations for investigation based on the report of a disgruntled former Shoe Shop employee that she was witness to and participated in several black-market sales involving Brandon Dagnese during her tenure. This same individual also provided information to support the inference that Lucas Sirois conducted his medical marijuana operations as a "collective" in violation of Maine marijuana law and policy. Code of Me. R. tit. 18-691, Ch. 2, § 6(K). Based on these and other evidentiary developments, investigators secured warrants to search the Shoe Shop and other Sirois facilities and the Government eventually obtained an indictment from the grand jury.

## DISCUSSION

The Sirois Defendants contend that the Government's investigation of their involvement in Maine's medical marijuana program, execution of a search warrant, seizure of marijuana and related products, institution of a criminal complaint, presentation to the grand jury, and prosecution of this case pursuant to grand jury indictment would not have been possible but for the Government's unlawful expenditure of funds in violation of the rider. They therefore request an order dismissing the case against them or enjoining any further proceedings.

In a prior order, I ruled that the hearing on the motions to enjoin prosecution would encompass not merely the decision to prosecute, but also the decision to investigate, but

that I would review these administrative decisions using a substantial evidence standard based on administrative law. I also explained that because the rider does not confer an individual right on persons subject to investigation or prosecution for violation of federal law the Government's substantial evidentiary showing did not need to be personalized to each and every defendant. Lastly, I explained that the burden to show that the investigation and prosecution were and are unsubstantiated would fall upon the movants, though I ruled that the Government would proceed first by producing a record in support of its actions. Procedural Order (ECF No. 348).[2]

Based on the evidence presented during the hearing, I find that the Government carried its burden of producing a record containing substantial evidence in support of both the 2018 and continuing[3] investigation and its decision to prosecute. In short, a reasonable mind might accept that the investigation and prosecution arose from sufficient evidence of nontechnical noncompliance with Maine medical marijuana law and that, by extension, the Department of Justice has not expended federal dollars in support of this proceeding in a manner that would "prevent Maine's medical marijuana laws from having their intended practical effect." *Bilodeau*, 24 F.4th at 715.[4]

---

[2] I do not see why a proceeding of this kind could not be decided on a paper record. Here, the Sirois Defendants received a more fulsome process, including the opportunity to cross-examine witnesses.

[3] Although the evidence suggests that some investigative activity transpired prior to 2018, the record does not suggest that early investigative efforts amounted to anything that as a practical matter would have prevented or interfered with the State of Maine's implementation of its medical marijuana program.

[4] I do not believe that it is necessary or wise for a district court to perform an analysis that amounts to a constitutional review of each step of an investigation and prosecution, similar to how it would review a warrant application or motion to suppress. In *Bilodeau*, this Court and the First Circuit observed that the evidence against the movants was strong, a fact that tended to simplify the courts' determination that the rider was not violated. *Bilodeau*, 24 F.4th at 715. I do not read *Bilodeau* as requiring district courts to

As for the Sirois Defendants'[5] burden to persuade me of the lack a substantial evidentiary basis, I am left unpersuaded. The presentation they made at the hearing and the argument presented in their post-hearing briefs are designed more to sow doubt as to the existence of knowledge on their part of the illegal distribution of Shoe Shop marijuana by others (in particular co-defendant Brandon Dagnese) and the failure of the Office of Marijuana Policy to find them in violation of Maine regulations during the pendency of the investigation. Such a showing could prove effective at trial, where the Government must prove guilt beyond a reasonable doubt, but it was not sufficient to demonstrate that either the decision to investigate or the decision to prosecute lacked a substantial evidentiary basis. Nor was it sufficient to suggest that either decision was arbitrary or irrational. Furthermore, although I do not consider it necessary to make a probable cause assessment, the Sirois Defendants' presentation did not persuade me of the absence of probable cause, but rather suggested to me that there are evidentiary issues for a jury to evaluate, in particular the credibility of witnesses. I also conclude that an order enjoining prosecution

---

assess the likelihood of a conviction and have instead focused on whether the record demonstrates conduct by agents of the Department of Justice that, if unchecked, would prevent a state from implementing its medical marijuana program, such as through unjustified prosecution of participants based on technical violations of state laws and regulations.

[5] Defendants Alisa Sirois and Robert Sirois observe that the Government's presentation did little, if anything, to justify the grand jury's indictment of them for participating in a black-market drug distribution conspiracy. I am not persuaded that the individual movants enjoy a private right under the Rohrabacher-Farr Amendment to compel the Government to prove its case in advance of trial, *United States v. Evans*, 929 F.3d 1073, 1077 (9th Cir. 2019), though I recognize that overzealous conspiracy prosecutions might dissuade individuals from participating in Maine's medical marijuana program. In any event, given the evidence of both black-market transactions in Shoe Shop marijuana and the collective nature of the operation, I conclude that the prosecution of Alisa and Robert Sirois does not undermine Maine's implementation of a medical marijuana program. Furthermore, neither Alisa nor Robert Sirois introduced evidence to suggest the existence of special circumstances that would make it unreasonable to include them in a conspiracy prosecution.

based on the Rohrabacher-Farr Amendment would be ill-advised here, as the State of Maine, through its Office of Marijuana Policy, ultimately requested an investigation based upon, among other things, the report of black market sales by an insider and possible violation of the rule against collective grow operations.[6]

## CONCLUSION

For the reasons set out above, the Sirois Defendants' Motions to Dismiss or Enjoin Prosecution (ECF Nos. 285/288/292) are DENIED.

SO ORDERED.

Dated this 18th day of August, 2023

/s/ Lance E. Walker
United States District Judge

---

[6] Given these conclusions, I also am not persuaded that the Sirois Defendants have made a compelling showing on likelihood of success, the equities of the matter, or service of the public interest to warrant the extraordinary remedy of a preliminary, let alone final injunction.