UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00175-LEW |
| | ) | |
| LUCAS SIROIS, et al., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTIONS**

In this case, the United States charges Lucas Sirois and others with violations of the Controlled Substances Act; specifically, with conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).

In June 2023, I held an evidentiary hearing to resolve Motions to Enjoin Prosecution based on an appropriations rider known as the Rohrabacher–Farr Amendment. On August 18, 2023, I denied the requested injunction based on evidence that suggested the Defendants' knowing participation in black market marijuana sales and the operation of an unlawful "collective" in violation of Maine medical marijuana law. Order on Defendants' Motion[s] to Enjoin Prosecution at 4 (ECF No. 455). On appeal, the First Circuit Court of Appeals did likewise. *United States v. Sirois*, 119 F.4th 143, 153-58 (1st Cir. 2024).

Defendant Lucas Sirois now requests that I certify to the Maine Supreme Judicial Court questions of law associated with the determination of the Motions to Enjoin Prosecution and stay his criminal prosecution pending an answer to both the certified questions and his recent petition for certiorari to the Supreme Court of the United States.

Motion for Certification to Maine Supreme Judicial Court (ECF No. 553); Motion for Stay of Proceedings (ECF No. 554). These Motions will be denied.

## Motion to Certify

Pursuant to the Maine Rules of Appellate Procedure, this Court may certify to the Maine Supreme Judicial Court one or more questions of Maine law when the questions "may be determinative of the cause" and "there is no clear controlling precedent in the decisions of the Supreme Judicial Court." Me. R. App. P. Rule 25(a). Lucas Sirois requests that I certify questions that he feels were generated by my ruling and the First Circuit Court of Appeals' opinion that the evidence presented at the hearing on the Motions to Enjoin Prosecution weighed against the claim of substantial compliance with Maine medical marijuana law and policies. More narrowly, he argues that the evidence associated with the operation of a collective should be evaluated with input from the Maine Supreme Judicial Court. He proposes the following questions for certification:

> A. Can a caregiver licensed under the Maine Marijuana Act [who] has [been] found to be in compliance with Maine law by relevant Maine authorities be a "prohibited collective" under Maine law without any such finding from the relevant Maine authorities or Maine courts, and without being afforded the State Constitutional due process outlined in the Maine Marijuana Act?
>
> B. Does the Maine Marijuana Act's prohibition on caregivers providing each other "physical assist[ance]" include a financial test that examines financial, rather than physical, relationships between caregivers?

The United States opposes the request. It observes, among other things, that the shortcomings in Defendants' attempted showing of substantial compliance were varied and

that, therefore, the solitary question of substantial compliance with the prohibition against collectives would not be determinative of the cause.

I agree with the United States that the certified questions would not prove determinative in this case. Most significantly, the Motion overlooks that the First Circuit concluded that the evidence associated with black market sales undermined the Motions to Enjoin Prosecution. Furthermore, I am not persuaded by Sirois's attempt to characterize the perceived collective as one turning entirely on financial assistance rather than physical assistance.[1] The evidence demonstrated that individual care providers who ostensibly operated independently inside Sirois's grow facility actually had no physical involvement and relied on persons controlled and paid by Sirois to perform the physical requirements of tending to the marijuana crop. If those facts are related to the Maine Supreme Judicial Court as part of the certified questions, which they would be, there is no doubt as to what the answer would be.

Nor am I persuaded that all administrative proceedings under the Maine Medical Use of Cannabis Act must be exhausted, either by the State or by the caregiver, before the United States can investigate and charge caregivers based on probable cause to find that they engaged in, for example, black market transactions.

---

[1] The Maine Medical Use of Cannabis Act has long prohibited medical marijuana caregivers from operating as collectives, which the Act defines in part as groups of caregivers who provide physical assistance to one another with the cultivation, processing, or distribution of cannabis. Formerly 22 M.R.S. § 2422 (2018), *repealed*, and currently codified, as amended, at 22 M.R.S. § 2430-D.

**Motion to Stay Proceedings**

Lucas Sirois requests that further proceedings in this case be stayed pending a response from the Maine Supreme Judicial Court on the proposed certified questions and from the Supreme Court of the United States on his certiorari petition. I have just denied the request for certification of questions, leaving only the matter of Sirois's petition for certiorari. I do not consider this case to be a good candidate for a stay pending an answer on a certiorari petition. Reasoning by analogy from standards applicable to requests to stay a mandate of a court of appeals under Rule 41 of the Federal Rules of Appellate Procedure, I do not consider it likely that four justices of the Supreme Court will consider this a good case for review or that five justices would vote to reverse the resolution of the Motions to Enjoin, given the evidence of substantial noncompliance with state law. *See United States v. Warner*, 507 F.3d 508, 511 (7th Cir. 2007) (explaining that a stay pending a petition for writ of certiorari turns in part on the likelihood of success on the merits). Furthermore, this case has already been delayed substantially by proceedings on the preliminary Motions to Enjoin Prosecution and there are other substantial charges against Sirois, and others, in addition to the CSA charge. Finally, the parties are only now preparing their final pretrial motions subject to a March 17, 2025, deadline. The most appropriate path forward is to get the remaining pretrial motions under advisement and move this case to the trial calendar.

**Conclusion**

For the reasons set forth above, Defendant Lucas Sirois's Motion for Certification to Maine Supreme Judicial Court (ECF No. 553) and Motion for Stay of Proceedings (ECF No. 554) are DENIED.

SO ORDERED.

Dated this 12th day of March, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge