# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUCAS SIROIS | No. 1:21-cr-00175-LEW |

### MOTION FOR REVOCATION OF ORDER SETTING CONDITIONS OF RELEASE AND FOR AN ORDER DIRECTING THE DEFENDANT'S DETENTION

NOW COMES the United States of America, by and through Andrew B. Benson, United States Attorney for the District of Maine, and Alisa Ross, Assistant United States Attorney, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3148(b), for an order (1) revoking the order setting conditions of release for the Defendant, and (2) directing his detention pending trial in this case. In support of this Motion, the Government respectfully submits the following facts based upon the accompanying declaration of Supervisory U.S. Probation Officer Melanie Holton:

1. On October 20, 2021, the Defendant was charged by Complaint with multiple criminal charges, including conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Dkt. # 3.)

2. On October 28, 2021, the Defendant appeared in U.S. District Court for an initial appearance, and he was released on a $500,000 secured bond, with a requirement that he comply with conditions of release, to include pretrial supervision. (Dkt. # 78.)

3. The order setting conditions of release requires the Defendant to comply with certain mandatory conditions, including Condition 1, which orders the defendant to "**not violate federal, state, or local law while on release**." (Dkt. # 79.) Further, he is subject to Condition 7(m), which provides that the defendant must "**not use or unlawfully**

1

**possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This provision does not permit the use of marijuana even with a prescription, without further permission of the Court or probation officer.**" (*Id.*)

4. When the Defendant commenced pretrial supervision, he was informed that he was not to use marijuana products. He ultimately received a prescription for Marinol, which is a synthetic form of cannabis, for a medical issue. Aside from this prescription, Sirois reported an understanding he was not to use marijuana or other products containing THC.

5. On November 9, 2021, the Defendant was indicted for multiple crimes, including conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Dkt. # 149.)

6. On November 18, 2021, the Defendant was arraigned on the indictment and plead not guilty to the charges. The Court ordered that the Defendant continue to be released on the same conditions of bail as previously ordered. (Dkt. # 200.)

7. On March 11, 2022, the Defendant moved to modify his conditions of release to allow for his "continued use" of "prescribed cannabis medicine." (Dkt. 248.) That motion was denied by the Court on May 5, 2022. (Dkt. # 257.)

8. On August 13, 2025, the Defendant was charged by way of a Superseding Indictment with multiple crimes, including conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Dkt. # 595.)

9. On September 16, 2025, the Defendant was arraigned on the Superseding Indictment and plead not guilty to the charges. (Dkt. # 612.)

10. It is now alleged that the Defendant violated mandatory condition 1, as well as condition 7(m), as follows:

a. On October 31, 2025, the Defendant was arrested for Illegal Receipt of a Firearm While Under Indictment, in violation of 18 U.S.C. § 922(n) and 924(a)(1)(D). According to an affidavit filed in support of the complaint by Special Agent Kurt Ormberg with the FBI, law enforcement developed information from a cooperating witness. The witness informed law enforcement of several statements made by the Defendant about his disdain for a particular law enforcement officer and a federal official involved in the prosecution of the underlying offense. Specifically, the witness reported that the Defendant stated to them, to the best of their recollection: "I want to let you know that if I get wind this case isn't going right, I am going to end everyone that put me in this position."

b. According to the affidavit, on October 31, the Defendant reached out to the witness and asked them to provide him with his firearms, ammunition, and outdoor gear. Previously, the Defendant had left those items at the witness's residence around April 2025 and had not accessed them since then. On October 31, as requested by the Defendant, the witness left those items on their front porch and the Defendant picked them up, as verified by video footage. Law enforcement located and arrested the Defendant at a bar in Farmington, Maine, on that same date. In plain view in the Defendant's vehicle, law enforcement observed two firearms, which matched the firearms picked up by the Defendant from the witness's house earlier that day.

c. On November 2, 2025, law enforcement searched the Defendant's vehicle. They located shotgun shells and 6.5 Creedmoor ammunition matching the firearms noted above and matching the description of those provided to the

3

        Defendant by the witness earlier in the day.

    d. During the search of the Defendant's vehicle on November 2, law enforcement also located a Capsoil tube, which contained 10 water-soluble sticks, each containing 10 mgs of THC.

    e. At the time of the Defendant's arrest on October 31, agents took photographs of the inside of the vehicle. It is also noted that in one of those photographs, there is an open can of Long Coast in a cup holder of the vehicle. An internet search shows that Long Coast is a non-alcoholic beverage containing 5mg of Delta-9 THC per can. Multiple cases of Long Coast were located in the trunk of the vehicle. However, this level of THC concentration appears to be lower than the threshold to meet the definition of a controlled substance under 21 U.S.C. § 802.

    f. Also located during the search of the Defendant's vehicle was a vial of Testosterone Cypionate, an injectable form of testosterone requiring a medical prescription. No prescription information was located with the vial, and the Pretrial Services Office has no documentation of such prescription.

11. Based on the foregoing, there is clear and convincing evidence that the Defendant has violated the conditions of his release, including the aforementioned condition 7(m). Additionally, there is probable cause to believe that the Defendant committed a federal crime while on release, in violation of condition (1).

WHEREFORE, the Government respectfully moves this Honorable Court to revoke the Defendant's bail and order his detention pending further proceedings.

Dated at Bangor, Maine, this 2nd day of November 2025.

          Respectfully submitted,

          ANDREW B. BENSON
          United States Attorney

          BY: */s/ Alisa Ross*
              Alisa Ross
              Assistant United States Attorney
              United States Attorney's Office
              202 Harlow Street, Room 111
              Bangor, ME  04401
              (207) 945-0373
              Alisa.Ross@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2025, I electronically filed the Government's Motion for Revocation of Order Setting Conditions of Release and for an Order Directing the Defendant's Detention with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Jason Ehrenberg, Esq.
    Eric Postow, Esq.
    *Counsel for Defendant Lucas Sirois*

    Respectfully submitted,

    ANDREW B. BENSON
    United States Attorney

    BY: */s/ Alisa Ross*
        Alisa Ross
        Assistant United States Attorney
        United States Attorney's Office
        202 Harlow Street, Room 111
        Bangor, ME  04401
        (207) 945-0373
        Alisa.Ross@usdoj.gov