UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUCAS SIROIS<br>ROBERT SIROIS<br>LAKEMONT, LLC<br>SANDY RIVER PROPERTIES, LLC<br>SPRUCE VALLEY, LLC | Criminal No. 1:21-cr-00175-LEW<br><br>**FILED UNDER SEAL** |

**GOVERNMENT'S MOTION FOR JUDICIAL
ACTION PURSUANT TO LOCAL RULE 157.3**

The government respectfully requests that the Court exercise its authority pursuant to Local Rule 157.3 in order to prevent witness and jury intimidation at trial, and to prevent the defendants from further polluting the jury pool so as to safeguard these proceedings against nullification.[1] In support of its motion, the government states the following:

On about October 30, 2025, the government learned that Lucas and Robert Sirois, the defendants, are actively publicizing a "rally for cannabis rights" that they have deemed the "Banger in Bangor." The defendants have each posted a flyer advertising the event on their publicly available social media feeds. Examples of these posts are attached to this motion as Exhibit 1 (post by Lucas Sirois from about October

---

[1] The government has filed this motion under seal, notwithstanding the common law and First Amendment rights of access enjoyed by the public to judicial documents in a criminal proceeding. *See United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). The government is mindful of its obligations, including under the Local Rules 157.3 and 157.4, to limit its public statements in order to ensure the accused's right to a fair trial. The government defers to the Court as to whether this filing and any response should continue to be sealed from public view.

1

29, 2025) and Exhibit 2 (post by Robert Sirois from about October 25, 2025).  The flyer depicts a crowd of people hoisting signs reading "Free Luke," "Stand with Luke," and "Free the Weed." The flyer further states that "Luke is on trial for his life. Show up and let the government know he is not alone." The dates for the "Banger in Bangor" event are listed as November 11-19.

While the government recognizes that the defendants have a First Amendment right to make public statements about their case, the government fears that the "Banger in Bangor" is little more than an attempt to draw a large crowd of supporters to the courthouse during trial in order to intimidate witnesses and the jury. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 n.18 (1984) ("although litigants do not 'surrender their First Amendment rights at the courthouse door,' those rights may be subordinated to other interests that arise in the context of both civil and criminal trials"). In his post advertising the rally, Robert Sirois wrote, "I met with my lawyer today. He said we need to pack the Court Room with supporters." *See* Exhibit 2.[2] On the same day, Robert Sirois posted an image reading "Jury Nullification No Victim = No Crime = Not Guilty!" This post is attached hereto as Exhibit 3. The image provides a definition of jury nullification ("when members of the jury disagree with the law the defendant has been charged with, or believe that the law should not be applied in that particular case"),

---

[2] This post in particular raises significant concerns about the extent of counsel's involvement in the planned rally for cannabis rights and related efforts to court jury nullification. If counsel knew or had reason to know that these and similar statements would be publicly disseminated by the defendants, they would be in violation of D. Me. Local Rule 157.4 (April 1, 2025) (A lawyer shall not "release or authorize the release of information or opinion that a reasonable person would expect to be disseminated . . . in connection with pending or imminent criminal litigation . . . if there is a reasonable likelihood that such dissemination will seriously interfere with trial.")

calls for an "end" to "prohibition," and admonishes the reader to "know your rights." This is simply a naked call for nullification in the case at bar.

Above the image just described, Robert Sirois wrote, "The feds dont (sic) want the jury to even consider Maine law in my case of possession with intent to distribute[.]" This, of course, is a reference to the government's motion *in limine* pending at Dkt. 618, seeking to preclude references to Maine's marijuana laws at trial, because the defendants' mental states with respect to those laws do not and cannot constitute a defense to the federal drug crimes with which they are charged.

The Court has authority under Local Rule 157.3 to issue orders governing "extra-judicial statements by the parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses," as the Court deems appropriate. D. Me. Local Rule 157.3 (April 1, 2025). To that end, the government requests the Court take the following actions, which the government believes are narrowly tailored to address the threats of intimidation and nullification: (1) the Court should designate an area where the defendants' supporters can gather during trial that is removed from the doors to the courthouse where jurors and witnesses must enter and exit; (2) the Court should order that attendees of the trial proceedings conduct themselves with appropriate decorum and refrain from expressions of support or condemnation; (3) the Court should order that the defendants cease their public calls for nullification. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991) ("Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by 'impartial' jurors, and an outcome

3

affected by extrajudicial statements would violate that fundamental right"); *see also Bridges v. California*, 314 U.S> 252, 271 (1941) ("Legal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper").

The defendants are clearly broadcasting that the cornerstone of their trial strategy is to harness whatever supportive public sentiment they can find, and to channel it into witness intimidation and jury nullification. The government respectfully requests that the Court take steps to safeguard the integrity of these proceedings.

Dated: November 1, 2025                                  Respectfully submitted,

                                                      ANDREW B. BENSON
                                                     United States Attorney

By:   */s/Noah Falk*
       Noah Falk
       Andrew McCormack
       Assistant U.S. Attorneys
       United States Attorney's Office
       100 Middle Street
       Portland, ME 04101

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2025, I electronically filed the Government's Motion for Judicial Action per Local Rule 157.3 with the Clerk of Court via email. Copies were provided to counsel for the defendants via email.

                                       ANDREW B. BENSON
                                       United States Attorney

                    By:        */s/ Kate Whalen*
                                 Paralegal Specialist

On Behalf Of:      Noah Falk
                                Assistant United States Attorney
                                U.S. Attorney's Office
                                100 Middle Street
                                Portland, ME  04101
                                (207) 780-3257
                                Noah. Falk@usdoj.gov