UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>-against- )<br>)<br>LUCAS SIROIS, )<br>Defendant. ) | Case No. 1:21-cr-00175-LEW |

**DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT PENDING MOTIONS FOR NEW TRIAL (ECF 713, 714) TO ADD GROUND BASED ON DENIAL OF SIXTH AMENDMENT RIGHT TO COUNSEL OF CHOICE DUE TO ATTORNEY FRAUD AND TO ADJOURN SENTENCING**

Defendant Lucas Sirois, through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 45(b) for leave to supplement his pending motions for new trial (ECF 713, filed December 9, 2025; ECF 714, filed December 12, 2025) to add an additional ground: that his Sixth Amendment right to counsel of choice was violated when his then-attorney, Eric Postow, Esq., made materially false representations that fraudulently induced Mr. Sirois to discharge his chosen trial counsel, Timothy Parlatore, Esq., and proceed to trial with inexperienced substitute counsel, Jason Ehrenberg, Esq., resulting in constitutionally deficient representation and a fundamentally unfair trial.

**This motion seeks leave only.** If the Court grants leave, Mr. Sirois will file a comprehensive Supplemental Memorandum in Support of Motion for New Trial that will set forth the complete factual record, including corroborating evidence and detailed analysis of multiple instances of trial counsel's deficient performance, and will develop the legal arguments under the Sixth Amendment frameworks of denial of counsel of choice, ineffective assistance under *Strickland*, and actual conflict of interest.

1

## I. STATEMENT OF FACTS

### A. Mr. Parlatore's Representation and Mr. Postow's Entry as Co-Counsel

Timothy Parlatore appeared pro hac vice on behalf of Mr. Sirois on October 28, 2021. *See* ECF 102. Mr. Parlatore is an experienced federal criminal defense attorney who has represented many high-profile clients, including President Donald Trump. Mr. Sirois specifically chose Mr. Parlatore to serve as his lead trial counsel based on Mr. Parlatore's experience, skill, and reputation.

Mr. Parlatore represented Mr. Sirois for nearly three years, from October 2021 through August 2024. Eric Postow appeared pro hac vice in November 2021 (*see* ECF 179) as co-counsel, assisting with case preparation and discovery review while Mr. Parlatore served as lead trial counsel.

### B. The Knowingly False Disciplinary Complaint and Mr. Postow's Fraud

On **June 28, 2024**, **Mr. Postow's own law firm, Holon Law Partners LLP, filed a disciplinary complaint** against Mr. Parlatore with the New York Attorney Disciplinary Committee. **The complaint was knowingly false.** Shani Phillips, an attorney at Holon Law Partners LLP who participated in the preparation of the disciplinary complaint, was a witness to the events at issue and possessed all the text messages and emails demonstrating that the allegations in the complaint were completely fabricated. Despite this knowledge within the firm, Holon Law filed the knowingly frivolous complaint.

Beginning in spring 2024 and continuing through fall 2024, Mr. Postow made specific, detailed, and materially false allegations to Mr. Sirois about Mr. Parlatore, telling him that Mr. Parlatore was under investigation for serious professional misconduct, would face criminal charges, would lose his law license, and would be unable to effectively represent Mr. Sirois due to

these pending matters. Mr. Postow claimed to have personally "read a factual document" proving the allegations and that the matter would "make the news" and become "public record." Mr. Postow further represented that the prosecutor would use the allegations to harm Mr. Sirois's case and that the judge would learn of them, creating "a big black eye to the case."

Mr. Postow made these representations repeatedly over several months in multiple telephone conversations with both Mr. Sirois and Mark Dion, Esq., Mr. Sirois's local counsel. Mr. Dion, relying on Mr. Postow's representations, advised Mr. Sirois that the allegations, if true, posed a serious risk to Mr. Sirois's case and recommended switching counsel.

On August 27, 2024, Mr. Parlatore filed his response to the disciplinary complaint, presenting overwhelming documentary evidence demonstrating that the allegations were false. Mr. Postow received this response, including all the documentary evidence conclusively disproving the fabricated allegations, **before Mr. Sirois terminated Mr. Parlatore** on August 2, 2024. Thus, even if Mr. Postow could credibly claim that Shani Phillips had lied to him in the creation of the complaint, he had actual knowledge of its falsity before Mr. Sirois terminated Mr. Parlatore.

The complaint was dismissed on November 22, 2024—nearly one year before trial. However, even after receiving Mr. Parlatore's response with overwhelming documentary evidence of the complaint's falsity, Mr. Postow continued to falsely represent to Mr. Sirois that the investigation was ongoing and that "it didn't look good" for Mr. Parlatore. Mr. Postow did not merely remain silent—he actively perpetuated the fraud by continuing to tell Mr. Sirois that Mr. Parlatore would be criminally charged and lose his license.

Based on Mr. Postow's fraudulent representations, Mr. Sirois made the decision to fire Mr. Parlatore and proceed with Jason Ehrenberg. Mr. Parlatore filed a motion to withdraw on August 2, 2024 (ECF 537), which was granted on August 5, 2024 (ECF 538).

Mr. Postow continued to represent Mr. Sirois at trial (November 12–18, 2025) without disclosing that the complaint had been dismissed or that the allegations were false. Mr. Postow also signed Mr. Sirois's post-trial Rule 33 motions (December 9 and 12, 2025) without disclosing the dismissal.

### C. The Emergent Conflict and Mr. Postow's Motive

Beginning in September 2023, Mr. Postow's firm simultaneously represented Mercedes Lamphere and Maine Coast Line Up, LLC (MCLU)—a business in which Mr. Sirois is a partner—and Emergent Beverages, LLC, a company with which MCLU had contractual disputes. Mr. Postow never disclosed this conflict of interest to Ms. Lamphere or Mr. Sirois or obtained their informed consent.

When Emergent began withholding approximately $53,422.23 from MCLU in July 2025, and Ms. Lamphere and Mr. Sirois discussed suing Emergent, Mr. Postow reacted explosively. According to Ms. Lamphere, Mr. Postow "lost it" on the phone and stated that "under no grounds could we sue Emergent." He advised them to settle the dispute rather than litigate, protecting Emergent (one of his clients) at the expense of MCLU (his other clients') interests.

Mr. Postow's firm then represented Emergent in structuring a coercive settlement that required MCLU to release all claims against Emergent and forgive the $53,422.23 debt for no compensation. The settlement conditioned buyout payments to three exiting Emergent partners on MCLU's release of claims, creating improper pressure using Holon Law's knowledge of the

4

relationships between the parties—knowledge obtained through the firm's representation of MCLU.

**This conflict created a powerful motive for Mr. Postow's fraud against Mr. Sirois.** If Mr. Parlatore had remained as counsel, he would likely have discovered the Emergent conflict and advised Mr. Sirois to pursue claims against Emergent. That litigation would have exposed Mr. Postow's concurrent representation of adverse parties and subjected him to disciplinary action. By removing Mr. Parlatore and installing Mr. Ehrenberg—an inexperienced attorney whom Mr. Postow could control—Mr. Postow ensured that his conflicts would remain concealed.

In October 2025, just weeks before trial, Mr. Postow attempted to pressure Mr. Sirois into signing the intellectual property of Long Coast Beverages over to Emergent as a "contingency plan" in case the criminal trial did not go well.

**D. Mr. Postow's Pattern of Fraud and Disciplinary Violations**

On January 8, 2025, Mr. Postow received a Public Admonition from the Virginia State Bar (VSB Docket No. 24-052-131342) for violations involving unreasonable fees, failure to refund unearned fees, and dishonesty—specifically, billing $5,000 for a "research project" he never performed and concealing this by not issuing invoices. The underlying misconduct occurred between December 2021 and July 2023, and the VSB certified charges against Mr. Postow in **October 2024**—during the exact period when Mr. Postow was making false allegations about Mr. Parlatore to Mr. Sirois and had already received Mr. Parlatore's August 27, 2024 response disproving the complaint.

In December 2025, Mr. Postow and Holon Law Partners LLP were sued in Illinois state court for fraud and legal malpractice. *See Canchola v. Kotzker*, Case No. 2025L015042, Circuit Court of Cook County, Illinois.

5

In February 2026, Mercedes Lamphere filed an ethics complaint against Mr. Postow with the Virginia State Bar documenting additional instances of fraudulent billing during Mr. Postow's representation of MCLU, including transferring another client's debt to Ms. Lamphere's invoices without authorization and charging for a trademark trust that did not benefit MCLU.

### E. Trial, Post-Conviction Detention, and Discovery of the Fraud

Mr. Sirois proceeded to trial with Mr. Ehrenberg as lead trial counsel. A search of PACER records reveals that Mr. Ehrenberg has no record of appearing as attorney of record in any federal criminal case other than Mr. Sirois. Mr. Ehrenberg's PACER record shows appearances in civil employment and ERISA litigation, but no federal criminal defense experience. This confirms that Mr. Ehrenberg was, as Mr. Sirois alleges, inexperienced in federal criminal defense, despite representations during the vetting process that he had "won 7 federal cases and had never lost one"—a representation that, in the context of vetting a criminal defense attorney, was misleading at best.

Mr. Ehrenberg's performance at trial was materially deficient. Mr. Sirois repeatedly demanded, both verbally and in writing during trial, that Mr. Postow remove Mr. Ehrenberg from certain cross-examinations. Mr. Postow refused and continued to assign Mr. Ehrenberg to questioning on scientific issues he demonstrably did not understand. Mr. Dion witnessed and can corroborate Mr. Sirois's contemporaneous objections and Mr. Ehrenberg's poor performance.

The trial resulted in guilty verdicts on all counts on November 18, 2025. *See* ECF 695, 699.

Mr. Sirois was detained on November 7, 2025, following a hearing on the government's motion to revoke bail based on allegations that Mr. Sirois possessed firearms while under indictment. *See* ECF 672. Mr. Sirois maintains that the FBI investigator's affidavit was false, and that Ms. Lamphere can corroborate this. Despite the allegedly false basis for detention, Mr. Postow

6

has refused three times to file a bail application, stating that Mr. Sirois must "wait for them to drop the case." Simultaneously, Mr. Postow advised Mr. Sirois not to finalize a 50/50 partnership agreement with Ms. Lamphere regarding Long Coast Beverages, claiming it could result in bribery charges. This demonstrates that Mr. Postow continues to use Mr. Sirois' criminal jeopardy as leverage to advance the interests of his other client, Emergent's interests.

Mr. Sirois filed Rule 33 motions on December 9 and 12, 2025 (ECF 713, 714), challenging his convictions on other grounds. Mr. Postow and Mr. Ehrenberg signed those motions without disclosing that Mr. Parlatore's disciplinary complaint had been dismissed.

On January 30, 2026, Mr. Sirois reconnected with Mr. Parlatore and learned the truth: that Mr. Postow's firm had filed the knowingly false disciplinary complaint, that Mr. Parlatore had filed his response on August 27, 2024 with overwhelming documentary evidence of its falsity, that Mr. Postow had received this response before Mr. Sirois terminated Mr. Parlatore, that the complaint had been dismissed on November 22, 2024—before trial—and that Mr. Postow continued to conceal this information throughout trial and post-trial proceedings.

## II. LEGAL STANDARD

### A. Rule 45(b) Permits Extensions for Excusable Neglect

Federal Rule of Criminal Procedure 45(b)(1)(B) provides that a court "may, for good cause, extend time … on motion made after the time has passed if the party failed to act because of excusable neglect." Rule 45 was amended in 2005 to permit courts to extend deadlines for excusable neglect, including deadlines under Rule 33. *See* Fed. R. Crim. P. 45(b) advisory committee's note to 2005 amendment.

### B. The *Pioneer* Factors Govern Excusable Neglect

The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), established a four-factor test for determining whether a party's failure to meet a deadline constitutes "excusable neglect": (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

### C. District Courts Have Applied *Pioneer* to Allow Supplementation of Pending Rule 33 Motions

In *United States v. Gurry*, 427 F. Supp. 3d 166 (D. Mass. 2019), the District of Massachusetts applied the *Pioneer* factors to permit a defendant to supplement a Rule 33 motion with an ineffective assistance of counsel claim based on conflict of interest after the Rule 33 deadline had passed. The court noted that while ineffective assistance claims are typically raised in collateral proceedings under 28 U.S.C. § 2255, "a district court may adjudicate an ineffective assistance of counsel claim on a Rule 33 motion." *Id.* at 181. The court found excusable neglect where the defendant had acted in good faith, the delay was minimal, and the government would not be prejudiced. *Id.* at 179–81.

### III. APPLICATION OF THE *PIONEER* FACTORS

All four *Pioneer* factors support a finding of excusable neglect and granting leave to supplement.

### A. Length of Delay and Impact on Proceedings: Minimal

The delay is minimal. Mr. Sirois filed his original Rule 33 motions on December 9 and 12, 2025—approximately three weeks after the November 18, 2025 verdict. It is now early February

2026, approximately two months later. The motions remain pending before this Court; they have not been decided. The government filed its opposition on December 23, 2025 (ECF 715), and Mr. Sirois filed his reply on January 6, 2026 (ECF 717).

Because the motions are still under advisement, permitting supplementation will not require the Court to revisit a final decision or reopen closed proceedings. The delay has had no impact on judicial proceedings. *Cf. Gurry*, 427 F. Supp. 3d at 180.

**B. Reason for Delay: Mr. Sirois Was Prevented from Raising This Claim by the Very Attorneys Who Committed the Fraud**

The reason for the delay is compelling and goes to the heart of excusable neglect.

**1. Mr. Postow and Mr. Ehrenberg Were Still Counsel of Record When the Original Motions Were Filed**

When Mr. Sirois filed his Rule 33 motions on December 9 and 12, 2025, Mr. Postow and Mr. Ehrenberg were still his attorneys of record. Both signed the motions. *See* ECF 713, 714. It would have been impossible—both practically and ethically—for Mr. Sirois to raise a claim that his own attorneys had defrauded him while those attorneys were actively representing him in post-trial proceedings.

**2. Mr. Sirois Believed Mr. Postow's Allegations Throughout Trial and When Filing the Original Motions**

As detailed in the Statement of Facts, Mr. Postow made repeated false allegations to Mr. Sirois and Mr. Dion about Mr. Parlatore being under investigation, facing criminal charges, and losing his license. Mr. Postow claimed to have "read a factual document" proving the allegations. Mr. Sirois consulted with Mr. Dion, who corroborated that the allegations, if true,

9

would be devastating. Mr. Sirois even participated in a three-way call with Mr. Postow and Mr. Ehrenberg to vet Mr. Ehrenberg before making the decision.

Throughout trial (November 12–18, 2025) and when filing his original Rule 33 motions (December 9 and 12, 2025), Mr. Sirois continued to believe Mr. Postow's allegations were true. He had no basis to question them.

### 3. The Falsity Was Not Discoverable Until After Trial Despite the Pre-Trial Dismissal

Although the disciplinary complaint was dismissed on November 22, 2024—before trial—Mr. Sirois could not have discovered this with due diligence because:

**Mr. Postow was still attorney of record and actively concealing.** Any attempt by Mr. Sirois to independently investigate would have been ethically problematic while Mr. Postow was counsel of record and practically impossible given Mr. Sirois's detention on November 7, 2025 (*see* ECF 672). Mr. Sirois had no reason to suspect that Mr. Postow's firm had filed the false complaint against Mr. Parlatore or that it had been dismissed. Mr. Postow represented that the allegations were based on confidential or pending proceedings.

**Mr. Postow had every incentive to conceal and actively did so.** Mr. Postow knew the complaint had been dismissed on November 22, 2024. He also had actual knowledge of the complaint's falsity even earlier—on August 27, 2024, when he received Mr. Parlatore's response with overwhelming documentary evidence disproving the allegations. This was before Mr. Sirois terminated Mr. Parlatore on August 2, 2024. Yet Mr. Postow:

- Continued to tell Mr. Sirois that "it didn't look good" for Mr. Parlatore even after receiving the dismissal;
- Continued to represent Mr. Sirois at trial (November 12–18, 2025) knowing the allegations were false and the complaint had been dismissed;
- Signed post-trial motions (December 9 and 12, 2025) without disclosing the dismissal; and
- Maintained the fiction that Mr. Parlatore was under investigation.

This active concealment and continued perpetuation of the fraud throughout trial distinguishes this case from ordinary "newly discovered evidence" scenarios. Here, the dismissal existed as a public record, but Mr. Sirois was prevented from discovering it by his own attorney's deliberate concealment and active lies.

**4. This Is Extraordinary Ineffective Assistance—This Is Attorney Fraud to Deprive a Defendant of His Constitutional Right**

The First Circuit has held that ineffective assistance claims based on facts known at trial are not "newly discovered evidence" under Rule 33(b)(1). *See, e.g.*, *United States v. Lenz*, 577 F.3d 377, 380 (1st Cir. 2009); *United States v. Osorio-Peña*, 247 F.3d 14, 19 (1st Cir. 2000). But this case is fundamentally different.

The "new evidence" is not Mr. Sirois's post-trial realization that Mr. Ehrenberg performed poorly—it is the falsity of Mr. Postow's factual representations and Mr. Postow's active concealment of the dismissal throughout trial. Mr. Sirois was **actively deceived** by his own attorney. The fraud was **concealed** throughout trial. And the fraud went to a **core constitutional right**: the right to counsel of choice, which is "an end in itself" that does not require a showing of prejudice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006); *United States v. Panzardi Alvarez*, 816 F.2d 813, 816 (1st Cir. 1987).

Moreover, the fraud was particularly egregious because Mr. Postow's firm **created** the knowingly false complaint (despite Shani Phillips possessing evidence of its falsity), Mr. Postow received Mr. Parlatore's response on August 27, 2024 with overwhelming documentary evidence of the complaint's falsity, Mr. Postow actively perpetuated the fraud by continuing to tell Mr. Sirois "it didn't look good" for Mr. Parlatore even after receiving the response, and then Mr. Postow concealed the dismissal for nearly one year, including throughout trial.

11

**5. Mr. Postow's Conflicts Compounded the Fraud and Prevented Discovery**

As detailed in the Statement of Facts, Mr. Postow labored under multiple actual conflicts of interest that motivated his fraud and prevented Mr. Sirois from discovering it:

**The Emergent Conflict:** Mr. Postow needed to maintain control of Mr. Sirois's case to prevent Mr. Sirois from discovering the Emergent conflict and suing Emergent, which would expose Mr. Postow's ethical violations.

**The VSB Investigation:** Mr. Postow was under active investigation by the Virginia State Bar for fraudulent billing and dishonesty during the period he was lying to Mr. Sirois. The VSB certified charges in October 2024—after Mr. Postow had already received Mr. Parlatore's August 27, 2024 response proving the complaint was false. Mr. Postow had every reason to conceal his own misconduct and maintain control of Mr. Sirois's case.

**Post-Conviction Leverage:** Mr. Postow has refused three times to file a bail application for Mr. Sirois and advised Mr. Sirois not to finalize a partnership with Ms. Lamphere, demonstrating that the conflict continues to adversely affect representation at critical post-conviction stages.

**C. Good Faith: Mr. Sirois Acted Prudently and Reasonably Throughout**

Mr. Sirois acted in good faith at every stage. As detailed in the Statement of Facts, he:

- Consulted with Mark Dion multiple times before making the decision;
- Had Mr. Dion speak independently with both Mr. Postow and Mr. Parlatore;
- Participated in a three-way call to vet Mr. Ehrenberg;
- Made what he believed was a prudent decision based on Mr. Postow's detailed, specific representations.

Mr. Sirois had no way of knowing that Mr. Postow's firm had filed a knowingly false complaint, that Mr. Postow had received Mr. Parlatore's response on August 27, 2024 proving the complaint was false, that the complaint had been dismissed before trial, or that Mr. Postow was

under active VSB investigation for similar misconduct. Had Mr. Sirois known any of these facts, he would have questioned Mr. Postow's credibility and likely would not have fired Mr. Parlatore.

Mr. Sirois filed timely Rule 33 motions on other grounds and has diligently pursued post-trial relief. The delay in raising the attorney-fraud ground is due to the fact that the fraud was actively concealed and the falsity was not discoverable until January 30, 2026.

### D. Prejudice to the Government: None

The government will not be prejudiced. The case is already fully briefed on the pending Rule 33 motions (ECF 715, 717). The supplemental ground does not require additional discovery—the relevant facts are established by the records detailed in the Statement of Facts. The government can respond on the same briefing schedule that applied to the original motions. Moreover, sentencing has not yet occurred, so permitting supplementation will not delay or disrupt scheduled proceedings. *Cf. Gurry*, 427 F. Supp. 3d at 180.

## IV. THE SUPPLEMENTAL GROUND IS MERITORIOUS AND WARRANTS CONSIDERATION

While the Court need not reach the merits at this stage, a brief preview demonstrates that the supplemental ground raises serious constitutional concerns.

### A. Legal Framework: Three Viable Sixth Amendment Theories

The Supplemental Memorandum will develop three independent theories:

**1. Denial of Counsel of Choice (Structural Error)**

The Sixth Amendment guarantees the right to counsel of choice, which is "an end in itself," independent of the fairness of the proceedings. *Gonzalez-Lopez*, 548 U.S. at 148. The wrongful denial of chosen counsel is a "structural error" requiring automatic reversal **without any showing of prejudice**. *Id.* at 150; *Panzardi Alvarez*, 816 F.2d at 816.

13

A defendant's waiver of chosen counsel must be knowing, intelligent, and voluntary. *United States v. Proctor*, 166 F.3d 396, 399 (1st Cir. 1999). If Mr. Sirois's waiver of Mr. Parlatore was induced by Mr. Postow's fraudulent misrepresentations and active concealment of the dismissal of the false disciplinary complaint, the waiver was invalid and the resulting deprivation violates the Sixth Amendment.

### 2. Ineffective Assistance Under *Strickland*

Even if analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984), Mr. Postow's conduct satisfies both prongs:

**Deficient Performance:** Attorney fraud to induce a defendant to fire chosen counsel—particularly fraud involving filing a knowingly false disciplinary complaint (despite an attorney at the firm possessing evidence of its falsity), receiving overwhelming documentary evidence of the falsity on August 27, 2024, actively perpetuating the fraud by continuing to tell the client "it didn't look good" for the attorney even after receiving the response, and then concealing the dismissal throughout trial—falls far below any objective standard of reasonable professional conduct. *Cf. United States v. Castro-Taveras*, 841 F.3d 34, 38–39 (1st Cir. 2016).

**Prejudice:** Mr. Sirois was forced to proceed with inexperienced counsel (Mr. Ehrenberg, who has no federal criminal defense experience) instead of his chosen, experienced counsel (Mr. Parlatore), and Mr. Ehrenberg's poor performance contributed to the guilty verdicts.

### 3. Actual Conflict of Interest (Presumed Prejudice)

When counsel labors under an actual conflict that adversely affects performance, prejudice is **presumed**. *United States v. Daniells*, 79 F.4th 57, 62–63 (1st Cir. 2023); *United States v. Segarra-Rivera*, 473 F.3d 381, 386 (1st Cir. 2007).

As detailed in the Statement of Facts, Mr. Postow labored under multiple actual conflicts: (1) the Emergent conflict (concurrent representation of adverse parties); (2) the VSB investigation (need to conceal his own misconduct); and (3) use of Mr. Sirois's criminal case and imprisonment as leverage for business interests. These conflicts motivated the fraud and adversely affected Mr. Postow's representation at critical stages, including his refusal to file bail applications post-conviction.

### B. Application to the Facts

The facts detailed in the Statement of Facts establish:

- Mr. Postow's firm manufactured a knowingly false complaint and Mr. Postow used it to manipulate Mr. Sirois into firing his chosen counsel;
- Mr. Postow received Mr. Parlatore's response on August 27, 2024 with overwhelming documentary evidence of the complaint's falsity;
- Mr. Postow actively perpetuated the fraud by continuing to tell Mr. Sirois "it didn't look good" for Mr. Parlatore even after receiving the response;
- Mr. Postow concealed the dismissal throughout trial;
- Mr. Sirois was forced to proceed with Mr. Ehrenberg, who has no federal criminal defense experience;
- Mr. Ehrenberg's deficient performance was observable in real time and Mr. Sirois objected contemporaneously; and
- Mr. Postow's conflicts motivated the fraud and continue to adversely affect representation.

### V. THIS MOTION SEEKS LEAVE ONLY; THE SUPPLEMENTAL MEMORANDUM WILL PROVIDE THE COMPLETE FACTUAL AND LEGAL SHOWING

Mr. Sirois emphasizes that this motion seeks **leave to supplement only**. It is not intended to, and does not, constitute the supplemental memorandum itself. If the Court grants this motion, Mr. Sirois will file a comprehensive Supplemental Memorandum in Support of Motion for New Trial that will:

1. **Present the complete factual record**, including:

    – Mr. Sirois's detailed account of Mr. Postow's representations over the course of spring through fall 2024;
    – Documentary evidence of the knowingly false disciplinary complaint filed by Holon Law Partners LLP on June 28, 2024;
    – Documentary evidence of Mr. Parlatore's August 27, 2024 response with overwhelming evidence of the complaint's falsity;
    – Documentary evidence of the dismissal of that complaint on November 22, 2024;
    – Evidence that Mr. Postow continued to represent Mr. Sirois at trial almost a year later (November 12–18, 2025) and signed post-trial motions (December 9 and 12, 2025) without disclosing the dismissal;
    – The ethics complaint filed by Mercedes Lamphere against Mr. Postow concerning conflicts of interest involving MCLU and Emergent;
    – Documentary evidence of Mr. Postow's January 8, 2025 Public Admonition from the Virginia State Bar (VSB Docket No. 24-052-131342);
    – Evidence of Mr. Postow's concurrent representation of MCLU and Emergent, including the coercive settlement agreement;
    – The October 31, 2025 email showing Mr. Postow's attempt to pressure Mr. Sirois to transfer IP to Emergent;
    – Evidence of Mr. Postow's refusal to file bail applications post-conviction;
    – Evidence of the fraud and malpractice lawsuit filed against Mr. Postow and Holon Law Partners LLP in December 2025;
    – Evidence of Mr. Postow's fraudulent billing practices; and
    – Other corroborating evidence.

2. **Document multiple specific instances of Mr. Ehrenberg's deficient performance at trial**, with citations to the trial transcript and analysis of how each instance fell below constitutional standards and affected the outcome;

3. **Develop the legal arguments** under the three Sixth Amendment frameworks (denial of counsel of choice, ineffective assistance under *Strickland*, and actual conflict of interest);

4. **Address procedural and substantive issues**, including the relationship between this ground and the pending Rule 33 motions, the standards for relief under each theory, and the requested remedy; and

5.  **Provide supporting legal authority** and analysis demonstrating that the supplemental ground is meritorious and warrants relief.

The purpose of this motion is to obtain the Court's permission to file that comprehensive Supplemental Memorandum, not to present the full case at this stage. Mr. Sirois respectfully requests that the Court grant leave and establish a reasonable briefing schedule that will allow him to present the complete factual and legal showing in the Supplemental Memorandum.

## VI. REQUEST TO ADJOURN SENTENCING

Mr. Sirois further requests that the Court adjourn any sentencing proceedings pending resolution of this Motion for Leave to Supplement and, if leave is granted, pending resolution of the Supplemental Memorandum and the underlying Rule 33 motions. Sentencing Mr. Sirois while serious constitutional challenges to his convictions remain pending—including a claim of structural error that would require automatic reversal—would be inefficient and potentially unjust. Moreover, undersigned counsel has just substituted into this case and requires reasonable time to review the record and prepare the Supplemental Memorandum.

## VII. CONCLUSION

The *Pioneer* factors overwhelmingly support a finding of excusable neglect. The delay is minimal, the motions remain pending, the reason for the delay is compelling (attorney fraud that was actively concealed throughout trial), Mr. Sirois acted in good faith throughout, and the government will not be prejudiced. The supplemental ground raises serious constitutional concerns—including the knowingly false disciplinary complaint filed June 28, 2024, Mr. Parlatore's August 27, 2024 response with overwhelming documentary evidence of its falsity, Mr. Postow's receipt of that response and actual knowledge of falsity before the termination, Mr. Postow's active perpetuation of the fraud by continuing to tell Mr. Sirois "it didn't look good"

for Mr. Parlatore even after receiving the response, the complaint's dismissal on November 22, 2024, Mr. Postow's concealment of the dismissal throughout trial, the actual conflicts of interest evidenced by the Lamphere ethics complaint and the VSB Public Admonition, the pattern of fraud and malpractice evidenced by multiple client complaints and lawsuits, and the multiple instances of deficient trial performance—that warrant full development in a comprehensive Supplemental Memorandum.

For these reasons, Mr. Sirois respectfully requests that this Court:

1. Grant this Motion for Leave to Supplement Pending Motions for New Trial (ECF 713, 714);

2. Permit Mr. Sirois to file a Supplemental Memorandum in Support of Motion for New Trial, setting forth the complete factual basis (including documentary evidence of the knowingly false disciplinary complaint filed June 28, 2024, Mr. Parlatore's August 27, 2024 response, the complaint's dismissal on November 22, 2024, Mr. Postow's concealment of the dismissal throughout trial, the ethics complaint filed by Ms. Lamphere, the VSB Public Admonition, the Illinois fraud and malpractice lawsuit, evidence of the Emergent conflict, and detailed analysis of trial counsel's deficient performance) and full legal arguments for the denial-of-counsel-of-choice ground, within fourteen (14) days of the Court's order granting leave or on such schedule as the Court deems appropriate;

3. Permit the government to file a response to the Supplemental Memorandum within fourteen (14) days thereafter, and permit Mr. Sirois to file a reply within seven (7) days of the government's response, or on such schedule as the Court deems appropriate;

4. Consider the supplemental ground together with the pending Rule 33 motions (ECF 713, 714) and grant such relief as the Court deems just and appropriate; and

5.  Adjourn any sentencing proceedings pending resolution of this Motion for Leave to Supplement and, if leave is granted, pending resolution of the Supplemental Memorandum and the underlying Rule 33 motions (ECF 713, 714).

Dated: February 9, 2026

        Respectfully submitted,

        /s/ Timothy Parlatore

        Timothy Parlatore, Esq.
        Parlatore Law Group, LLP
        260 Madison Ave., 17th Floor
        New York, New York 10016
        timothy.parlatore@parlatorelawgroup.com
        *Attorney for Defendant Lucas Sirois*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Timothy Parlatore

Timothy Parlatore