UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00175-LEW |
| | ) | |
| LUCAS SIROIS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## **ORDER**

This matter is before the Court on Defendants' (Lucas Sirois, Lakemont LLC, Sandy River Properties LLC, and Spruce Valley LLC) Motion for Leave to Supplement Pending Motions for New Trial (ECF No. 735) and on Defendant Lucas Sirois' Motion for Release Pending Sentencing (ECF No. 745). For the reasons below, the motions are DENIED.

**A. Motion for Leave to Supplement**

The jury returned its guilty verdict on November 18, 2025, *see* ECF No. 699, and Defendants filed a motion for a new trial on December 12, 2025, *see* ECF No. 714, after requesting and receiving two enlargements of time, *see* ECF Nos. 704, 712. Nearly two months later, Defendants acquired new representation (Attorney Parlatore) and now seek to supplement the pending motion for new trial to add Sixth Amendment claims based on the conduct and performance of trial counsel (Attorneys Postow and Ehrenberg).

Under Rule 33, a motion for a new trial must be filed within 14 days of the verdict, unless the motion is based on "newly discovered evidence." *See* Fed. R. Crim. P. 33(b). However, the Court may extend time to file such a motion "after the time expires if the

party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B); *see also* Fed. R. Crim. P. 33 advisory comm. notes, 2005 amendment ("Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect.").

In response to Defendants' motion to supplement their pending Rule 33 motion, the Government argues only that Defendants' claims are not based on newly discovered evidence, and therefore are subject to the shorter of Rule 33's two deadlines. *See* Gov't Resp. at 3-7 (ECF No. 743). The Government has not addressed whether Defendants have demonstrated "excusable neglect" for failing to raise those claims timely.[1] Fed. R. Crim. P. 45(b)(1)(B).

To evaluate "whether a party has cleared the 'excusable neglect' hurdle" in the context of a Rule 33 motion, courts consider the four *Pioneer* factors: (1) the reason for the delay and whether it was within the reasonable control of the defendant; (2) the length of the delay and any potential impact on judicial proceedings; (3) the risk of prejudice to the Government; and (4) whether the defendant acted in good faith. *United States v. French*, No. 1:12-cr-00160, 2015 WL 70121732, at *4 (D. Me. Nov. 12, 2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380 (1993) and *Graphic Comms. Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001)); *accord*

---

[1] If the Government is taking the view that "excusable neglect" is not the applicable standard, it has not offered any argument to substantiate that position.

2

*United States v. Munoz*, 605 F.3d 359, 367-73 (6th Cir. 2010), *United States v. Boesen*, 599 F.3d 874, 879-80 (8th Cir. 2010).

With respect to the first factor, to the extent that the thrust of Defendants' supplemental motion is that Attorneys Postow and Ehrenberg misbehaved or otherwise performed deficiently, I can understand how their continued representation of Defendants was an impediment to bringing those claims in a timely Rule 33 motion. *See Munoz*, 605 F.3d at 371 (holding that the allegedly ineffective counsel's "continued representation of [the defendant] during the window for timely filing a Rule 33 motion was a valid reason for the delay, and that the delay was not fairly within [the defendant's] control."). "[I]t is axiomatic that 'an attorney . . . is unlikely to raise an ineffective-assistance claim against himself." *Id*. at 370 (quoting *Massaro v. United States*, 538 U.S. 500, 503 (2003)).

Although Defendants represent that the second factor, the length of the delay and its impact on proceedings, also weighs in favor of allowing supplementation, I am not persuaded. Defendants' Rule 33 motion came under advisement weeks ago, in early January. Moreover, during the months that have passed since the conclusion of trial, the Government, Defendants, and U.S. Probation have been diligently preparing for sentencing in this matter—not only of Lucas Sirois and his businesses, but of his various codefendants as well. In addition to seeking to supplement the pending Rule 33 motion, Defendants also ask to "[a]djourn any sentencing proceedings pending resolution" of the supplemented motion. Mot. at 19. And the Government and Defendants agree that resolving Defendants' Sixth Amendment claims would require additional discovery (which will no doubt necessitate judicial resolution of additional disputes between the parties), an evidentiary

hearing, and, in all likelihood, additional post-hearing briefing. Allowing Defendants to supplement their motion for a new trial would delay sentencing considerably, perhaps for several months.

I consider the remaining factors to be either neutral or in favor of Defendants.[2] But because of the danger that allowing supplementation at this stage would almost certainly delay proceedings for some prolonged period, I am not inclined to permit Defendants' untimely filing. Indeed, even if the claims outlined in the Motion for Leave to Supplement had been timely presented, I would still deny them without prejudice to post-conviction challenges given the nature of the claims.

"A claim of ineffective assistance of counsel is customarily raised in a petition for postconviction relief." *United States v. Lema*, 577 F.3d 377, 383 (1st Cir. 2009). Although this custom does not bar consideration of such claims in the context of a motion for a new trial, *see, e.g., United States v. Baptiste*, 8 F.4th 30, 35 (1st Cir. 2021), at this stage in the proceedings, I believe that a collateral attack would be the more appropriate vehicle for Defendants' newly proposed right-to-counsel claims. I recognize that deferring consideration of Defendants' Sixth Amendment claims to post-conviction proceedings is not without consequences, and it is not a decision that I have made lightly. Adjudicating those of Defendants' claims that are based on allegations of fraud and conflicts of interest would call for the development of a new record.[3] Without prejudicing a future petition for

---

[2] The Government, having failed to address the "excusable neglect" standard altogether, has not made any showing of prejudice. And I have no reason to believe Mr. Sirois has not acted in good faith.

[3] Given the personal involvement of both Mr. Parlatore and Mr. Dion in the factual basis underlying these claims, I also harbor some concern that new counsel would have to be retained to undertake the development

post-conviction relief on these grounds, it seems to me unlikely that proceeding to trial with the team of private attorneys that Defendants selected would result in a violation of Defendants' right to the counsel of their choice—particularly where the unavailability of Defendants' first choice of attorney is alleged to be the result of the machinations of private actors, and not the Government or the Court.  Additionally, Defendants' allusions to trial counsel's conflict of interest concerning transactional matters outside the purview of the prosecution does not promise a finding that trial counsel were less than motivated to secure an acquittal at trial.  Lastly, Defendants' ineffective assistance claims premised on the existing trial record do not appear promising, either, based on my observations of counsel's performance at trial and the highly deferential standard that applies, including the need for a showing that a deficient performance prejudiced the defense.  *See Strickland v. Washington*, 466 U.S. 668, 687, 689 (1984); *United States v. Valerio*, 676 F.3d 237, 246 (1st Cir. 2012).  For these reasons, I decline to delay sentencing and final judgment in this case in favor of a prolonged detour concerning right-to-counsel claims that, based on Defendants' initial proffer, are unlikely to bear fruit and are in any event better relegated to post-conviction proceedings.

### B.  Emergency Notice of Post-Filing Interference with Defendant's Right to Counsel

---

of such a record.  *See United States v. Steele*, 733 F.3d 894, 898 (9th Cir. 2013) ("The decision to interrupt the prejudgment proceedings to inquire into the merits of an ineffective assistance of counsel claim may depend on, among other things, whether the court would need to relieve the defendant's attorney, or in any event, to appoint new counsel in order to properly adjudicate the merits of the claim.") (quoting *United States v. Brown*, 623 F.3d 104, 113 (2d Cir. 2010)).

Days after filing the above Motion for Leave to Supplement, Defendants filed what they styled as an "Emergency Notice of Post-Filing Interference with Defendant's Right to Counsel" (ECF No. 738), informing the Court of various of Attorney Postow's communications with Attorney Parlatore and Lucas Sirois' father, Robert, allegedly aimed at pressuring Attorney Parlatore and Lucas Sirois into withdrawing that motion. This "Emergency Notice" would not be worthy of separate comment except that, in that filing, Defendants request that I order Mr. Postow to cease contact with Mr. Sirois, his family members, and his associates (and grant any other just and appropriate relief).[4] I do not believe that such an order, or any other relief, is an appropriate exercise of this Court's authority or resources. Lucas Sirois is now represented by Mr. Parlatore, the attorney of his choice. Robert Sirois is represented by his own capable counsel (not Mr. Parlatore) who is charged with protecting his interests in this tribunal. Counsel are again reminded that the grievances they raise before this Court should be closely tethered to a legal issue relevant to the criminal matter at hand. I want no part in whatever other complaints Lucas Sirois or Attorney Parlatore may choose to pursue in the appropriate forum, which is decidedly not this Court.

## C. Motion for Release Pending Sentencing

Finally, Defendant Lucas Sirois has requested he be released pending sentencing. *See* Mot. for Release Pending Sentencing (ECF No. 745). As Mr. Sirois awaits sentencing for offenses that carry a maximum term of imprisonment of ten years or more under the

---

[4] Defendants also ask that I consider Mr. Postow's behavior as evidence supporting the Motion for Leave to Supplement.

Controlled Substances Act, his present detention is mandatory under 18 U.S.C. § 3143(a), which requires such detention "unless . . . the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2). Defendant points to the Sixth Amendment arguments outlined in his Motion for Leave to Supplement to make the showing that his motion for a new trial is substantially likely to be granted. Because I have denied leave to file that supplemental motion, it cannot serve as the basis for Defendant's release pending sentencing.

## CONCLUSION

Defendants' Motion for Leave to Supplement Pending Motions for New Trial (ECF No. 735) is DENIED, without prejudice to a petition for postconviction relief on those grounds. Defendant Lucas Sirois' Motion for Release Pending Sentencing (ECF No. 745) is DENIED.

**SO ORDERED.**

Dated this 23rd day of February, 2026

/s/ Lance E. Walker
Chief U.S. District Judge