**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No: 1:21-cr-00175-LEW |
| ROBERT SIROIS | |

**STIPULATION REGARDING FORFEITURE**

On November 9, 2021, a grand jury sitting in this District returned a 15-count indictment against 14 defendants, including Robert Sirois ("the defendant"). Dkt. 149. The Indictment contains multiple forfeiture allegations. As relevant here, the First Forfeiture Allegation sets forth real property—including, among others, 249 Seamon Road, Farmington; 115 Knowlton Corners Road, Farmington; 247 Front Street, Farmington; and 407 Wilton Road, Farmington (more particularly described in the Indictment, and together, the "Real Property")—that constituted or was derived from proceeds the defendant and his co-defendants obtained directly or indirectly as a result of the violations alleged in Counts One, Thirteen, Fourteen, or Fifteen (the "drug offenses") of the Indictment, or that was used or intended to be used to commit or to facilitate the commission of those violations.

In addition to the identified real property, the First Forfeiture Allegation describes various bank accounts and bulk cash seized by the government that also constitute proceeds or facilitating property of the drug offenses charged in the Indictment. As relevant here as to the defendant, that additional property includes University Credit Union Account No. 6907659-72 held in the name of Robert Sirois and containing $17,870.81, and $46,400 in U.S. currency recovered from 249 Seamon Road (together, the "Financial Property").

On about July 22, 2020, the United States filed a Verified Complaint for Forfeiture *In Rem* against multiple parcels of real property—including the Real Property—in *United States v. 374 High Street, et al. See* Dkt. 1 in 1:20-cv-00256-LEW. The Verified Complaint alleges that the defendant property—including the Real Property—is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 801 et seq., 881(a)(6), and 881(8)(7), 18 U.S.C. §§ 981(a)(1), 1956, and 1957, and 28 U.S.C. § 2461. The Verified Complaint remains pending and the civil forfeiture action is presently stayed by Order of the Court.

As to the defendant, the parties wish to resolve the First Forfeiture Allegation as to the Real Property and the Financial Property described above in which the defendant holds an interest. The parties desire to avoid the delay, uncertainty, inconvenience, and expense of additional litigation regarding the Real Property and the Financial Property. To that end, the parties agree to the following:

1.     For purposes of resolving the First Forfeiture Allegation as to the defendant with respect to the Real Property and the Financial Property, the defendant concedes, acknowledges, and stipulates:

   a. The defendant has an interest in the Real Property and the Financial Property.

   b. The government can establish the requisite nexus between the Real Property, the Financial Property, and the drug offenses charged in the Indictment (or any superseding indictment stemming from the same underlying conduct).

   c. Sufficient admissible evidence exists for the government to establish that requisite nexus and such requisite nexus in fact exists.

Page **2** of **4**

d.  The Real Property and the Financial Property are subject to forfeiture to the United States.

e.  The defendant represents that he is the sole owner of the Financial Property.

f.  As to the $300,000 in United States Currency in lieu of the Real Property (as addressed further below), the defendant represents that he is the sole owner of that $300,000 in United States Currency.

2.    In any trial before a jury on the Indictment (or any superseding indictment stemming from the same underlying conduct), the defendant waives his right to request that the jury be retained pursuant to Federal Rule of Criminal Procedure 32.2(b)(5) to determine the forfeitability of specific property if it returns a guilty verdict.

3.    Upon conviction of one or more counts of the drug offenses alleged in the Indictment (or any superseding indictment stemming from the same underlying conduct) the defendant waives any claim to, and forfeits any right, title, and interest he may hold in, the Financial Property.

4.    Upon conviction of one or more counts of the drug offenses alleged in the Indictment (or any superseding indictment stemming from the same underlying conduct) the defendant waives any claim to, and forfeits any right, title, and interest in, and will pay to the United States $300,000 in United States Currency in lieu of—or as substitute *res* for—the Real Property. Upon receipt of the defendant's payment, the government will release any *lis pendens* the government has filed on the Real Property as a result of the First Forfeiture Allegation in the Indictment, and the government will dismiss its civil case as to the Real Property pending at case number 1:20-cv-00256-LEW.

5.    The defendant's payment to the United States of $300,000 in United States Currency in lieu of the forfeiture of the Real Property will be due in full no later than thirty (30) days after the defendant's conviction becomes final or as otherwise ordered by the Court.[1]

Signed and Agreed to by the parties on this day, July 9, 2025.

CRAIG M. WOLFF
Acting United States Attorney

By: _____
Noah Falk
Assistant U.S. Attorney

ROBERT SIROIS
Defendant

By: _____
William Maselli, Esq.
Attorney for Robert Sirois

---

[1]    For purposes of this Stipulation, the parties agree that the defendant's conviction becomes final at the following time: (A) If the defendant files no direct appeal, his conviction becomes final when the time for filing a notice of appeal expires—fourteen (14) days after the judgment is entered. (B) If the defendant files a direct appeal and the Court of Appeals affirms the judgment, his conviction becomes final when the time to petition for a writ of certiorari expires (if no petition is filed) or when the Supreme Court denies the petition or affirms the judgment (if a petition is filed).