UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00175-LEW |
| | ) | |
| LUCAS SIROIS, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

## **ORDER**

Defendant Lucas Sirois and the Defendant LLCs, now represented by Attorneys Ehrenberg and Dion, have moved to continue the sentencing hearing scheduled for August 11, 2026, (ECF No. 808) to allow for the litigation of additional motions for a new trial and to suppress evidence. Defendants have also filed a Motion for Leave to File (ECF No. 812) a motion to suppress evidence and for a *Franks* hearing that exceeds the page limitations under Local Rule 7, to which the proposed motion has been attached (ECF No. 812-1).

To the extent Defendants' proposed motion for a new trial is based on newly discovered evidence, Fed. R. Crim. P. 33(b)(1) allows for their litigation notwithstanding the imposition of sentence. *See United States v. Mercado-Flores*, 872 F.3d 25, 30 (1st Cir. 2017); *United States v. Graciani*, 61 F.3d 70, 77-78 (1st Cir. 1995). To the extent Defendants' proposed motions are not for a new trial based on newly discovered evidence, they are either untimely or a variety of collateral attack properly confined to a petition for postconviction relief. Either way, Defendants' proposed additional post-trial motions are

not reasons to delay sentencing.  Attorney Ehrenberg represents that he is otherwise prepared to proceed with sentencing as scheduled, so the Motion to Continue (ECF No. 808) is DENIED.  Defendants' Motion for Leave to File (ECF No. 812) is DENIED, as I see no procedural mechanism or good cause to consider the underlying proposed motion, as the jury has rendered a verdict in this case and no new trial, at which evidence theoretically might be suppressed, has been ordered.

Attorney Parlatore's Motion to Withdraw (ECF No. 810) is GRANTED in part and DENIED in part.  Attorney Parlatore's request for leave to withdraw is GRANTED. Because Attorney Parlatore has been discharged by his former client, the basis upon which he may properly seek disqualification of counsel or the appointment of new counsel on Defendant Lucas Sirois' behalf is not apparent.[1]  The motion is therefore DENIED to the extent it seeks that relief.

Separately, however, "where a trial court is, or reasonably should be, aware of a potential conflict of interest, there is a duty for the court to investigate that possibility." *Amador v. United States*, 98 F.4th 28, 37 (1st Cir. 2024).  It seems to me that there is at least a colorable risk of a conflict arising from the issues raised in Defendant's post-trial motions, which pertain to the conduct and performance of trial counsel, and Defendant's previously stated intention of litigating those issues in a petition for postconviction relief. Counsel should be prepared to address these issues at the hearing set for August 11, 2026. At that time, the Court will also ascertain (1) whether Defendant Lucas Sirois intends to waive his Sixth Amendment right to conflict-free counsel, (2) whether that waiver (if

---

[1] This aspect of Attorney Parlatore's Motion was made as to Defendant Lucas Sirois only.

2

made) should be accepted or rejected, and (3) whether sentencing can proceed as scheduled, with Defendant represented by counsel of record.

**SO ORDERED.**

Dated this 6th day of August, 2026._

/s/ Lance E. Walker 
Chief U.S. District Judge

3